**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-30349**
**Summary Calendar**

_____

**KEVIN PETERSON,**

**Plaintiff - Appellant,**

**versus**

**MYRTLE HARDWELL; BRENDA SMILEY; CHERYL WILEY; MICHAEL TRENT,**

**Defendants - Appellees.**

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(00-CV-1360)**

November 5, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Louisiana inmate Kevin Peterson, proceeding _pro se_ and _in forma pauperis_, claims, under 42 U.S.C. § 1983, that Appellees violated his First, Eighth, and Fourteenth Amendment rights in charging and convicting him under Louisiana Department of Corrections Rule 3 for threatening legal redress against prison employees[2].

---

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]Rule 3 (La. Admin. Code tit. 22, pt. I, § 365(D)) provided in pertinent part: "No inmate shall threaten an employee in any

Peterson appeals the district court's:  denial of his motion for summary judgment; grant of appellees' motion for summary judgment; and dismissal with prejudice.  We review a summary judgment ruling *de novo*.  **Smith v. Brenoettsy**, 158 F.3d 908, 911 (5th Cir. 1998); **Lynch Props. v. Potomac Ins. Co.**, 140 F.3d 622, 625 (5th Cir. 1998).

Peterson contends Appellees violated his First Amendment rights by punishing him for threatening prison employees with legal redress.  He relies on **Clarke v. Stalder**, 121 F.3d 222, 228-31 (5th Cir. 1997), *vacated and reh'g granted*, 133 F.3d 940 (5th Cir. 1997), *reinstated in part*, 154 F.3d 186 (5th Cir. 1998) (en banc), *cert. denied*, 525 U.S. 1151 (1999).  Although the panel in **Clarke** held unconstitutional, under the First Amendment, that portion of Rule 3 making an inmate's threat of legal redress a punishable act of defiance, our court reheard the case *en banc*.  While we reinstated portions of the panel opinion, we did not reinstate its First Amendment analysis and, in fact, "express[ed] no opinion as to the constitutionality of the 'no threats of legal redress' portion of Rule 3." **Clarke**, 154 F.3d at 191.

manner, including threatening with legal redress during a confrontation situation...."

In the light of a proposed amendment to the rule — which eventually eliminated the prohibition on threats of legal redress, *see* 26:11 La. Reg. 2623 (2000) — Peterson's convictions were reversed on appeal.  Consequently, his disciplinary reports were expunged;  he was placed back in the general population; and his good time credits were reinstated.

2

Accordingly, at the time Peterson was charged and convicted: (1) that portion of the panel opinion holding the Rule 3 provision unconstitutional had been vacated; and (2) the Supreme Court had already denied *certiorari*. Moreover, one of the three judges on the panel had determined the Rule 3 provision was *not* facially unconstitutional. **Clark**, 121 F.3d at 233 (Garza, Emilio M., J., dissenting). In this light, we cannot conclude it was "clearly established" that inmates had a constitutional right to threaten redress against prison employees.[3] *See* **Hare v. City of Corinth**, 135 F.3d 320, 325 (5th Cir. 1998) (setting forth qualified immunity test). Accordingly, the district court did not err in concluding appellees were entitled to qualified immunity against the First Amendment claim.

Additionally, Peterson contends appellees violated his Fourteenth Amendment due process rights by omitting an element in his charged offense. Specifically, he cites **Wolff v. McDonnell**, 418 U.S. 539 (1974), for the proposition that he had a state-created, due process right to a fair and impartial hearing by the Disciplinary Board. However, while **Wolff** recognized a state-created liberty interest in a "shortened prison sentence" resulting from good time credits, and while **Wolff** consequently articulated

---

[3] "[A] right is clearly established if its 'contours ... [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" **Shipp v. McMahon**, 234 F.3d 907, 915 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 2193 (2001).

minimum process due in the revocation of those credits, *id.* at 556-58, the Supreme Court held in **Sandin v. Conner**, 515 U.S. 472 (1995), that mere "discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest".[4] *Id.* at 486. Accordingly, this due process claim fails.

To the extent — if at all — Peterson's brief can be construed to assert a substantive due process Eighth Amendment violation (he makes a few fleeting references to the Eighth Amendment in his brief), he has alleged no condition of his brief segregation that would suggest it was either cruel or unusual.

*AFFIRMED*

---

[4]Peterson is not asserting due process violations in connection with lost good time credits. As noted, they were restored.

4